IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENISE L. BAECKEL,                    )
                                      )
                 Plaintiff,           )    Civ. No. 05-1510-HO
                                      )
                 v.                   )    ORDER
                                      )
Commissioner of Social Security,      )
                                      )
                 Defendant.           )
_____)

Plaintiff filed this proceeding pursuant to section 205(g) of
the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g),
to obtain judicial review of the Commissioner's final decision
denying plaintiff's application for supplemental security income
(SSI).  Plaintiff asserts disability beginning June 1, 2001, based
on borderline intellectual functioning, major depressive disorder
and anxiety disorder.  After a hearing, an administrative law judge
determined that although plaintiff is disabled when under the

1 - ORDER

influence of drugs and alcohol, she is not disabled absent her polysubstance abuse.   The ALJ, therefore, denied plaintiff's application for SSI.  Plaintiff appealed the decision and submitted additional evidence to the Appeals Council.   The Appeals Council denied review.

"[A]n individual shall not be considered to be disabled ... if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 1382c(a)(3)(J).  "In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling."  20 C.F.R. § 416.935(b)(2).

The Administration has promulgated policy instructions regarding this determination that this court has in the past found to lead to a disability finding.  See Clark v. Apfel, 98 F.Supp.2d 1182, 1185-86 (D.Or. 2000).  For instance, the Administration has promulgated an Emergency Teletype which provides that when an adjudicator is unable to determine how an individual would be if he/she stopped using drugs/alcohol, then it is appropriate to make a finding that DA&A is not material.  See Emergency Teletype of August 30, 1996, answer 28 (http://www.ssas.com/daa-q&a.htm).  The Administration clarified this policy in question 29:

2 - ORDER

29. Q. The most complicated and difficult determinations of materiality will involve individuals with documented substance use disorders and one of more other mental impairments. In many of these instances, it will be very difficult to disentangle the restrictions and limitations imposed by the substance use disorder form those resulting from other mental impairment(s). Can any examples be provided for how to handle the materiality determination in these situations, or can any guidance be provided for the type of information that should be used in trying to assess the impact of each impairment?

A. We know of no research data upon which to reliably predict the expected improvement in a coexisting mental impairment(s) should drug/alcohol use stop. The most useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs/alcohol. Of course, when evaluating this type of evidence consideration must be given to the length of the period of abstinence, how recently it occurred, and whether there may have been any increase in the limitations and restrictions imposed by the other mental impairments since the last period of abstinence. When it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of "not material" would be appropriate.

The administration's Program Operations Manual System (POMS) provides, in part, that a finding of materiality will be made only if the individual's other impairments is exacerbated by DA&A and the evidence documents that, after a period of 1 month of abstention from DA&A, the other impairments are not themselves disabling. POMS § DI 90070.050.D.3. Here, the ALJ considered evidence of plaintiff's capacities pre and post-sobriety and found her much improved post-sobriety.

Plaintiff contends the ALJ erred in: (1) Discrediting plaintiff's symptom testimony; (2) discrediting treating physician

3 - ORDER

opinion; (3) determining that plaintiff's combined impairments do meet or equal a Listing; and (4) failing to include all limitations in plaintiff's residual functional capacity evaluation.

1.    Symptom Testimony

Plaintiff argues that the ALJ ignored all of her physical impairments and focused only on her mental impairments. Plaintiff also argues that the ALJ failed to fully credit her testimony regarding the severity of her mental impairments.

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second

stage.

The ALJ found affirmative evidence of malingering.  Tr. 17, 20.  On November 21, 2000, Dr. James Bryan found, after conducting a psychological evaluation, that plaintiff engaged in extreme over-reporting and exaggeration of her symptoms in an effort to gain assistance.  Tr. 209-10.  On November 1, 2002, Dr. Christopher Tongue conducted another psychological evaluation and found that plaintiff considerably distorted her condition likely presenting an inaccurate reflection of her objective clinical status.  Tr. 265. Dr. Tongue noted that the validity scores ordinarily denote exaggeration of symptoms and that plaintiff was attempting to portray herself in a significantly negative manner.  Tr. 265.[1]  The ALJ also noted inconsistencies regarding plaintiff's drug and alcohol use.  Given the evidence of malingering, the ALJ appropriately found plaintiff to lack credibility regarding her symptoms.  The evidence of exaggeration also provides a clear and convincing reason for rejecting plaintiff's symptom testimony. Plaintiff's assertions of disabling physical impairments such as lymphedema (diagnosed four months after the hearing) not only lack credibility but also lack record support demonstrating significant limits on the ability to work.  Thus, the ALJ's finding that

---

[1]While plaintiff interprets these opinions of exaggerated symptom reporting as indicative or her disability and not as evidence of malingering, the ALJ is entitled to consider this evidence and his interpretation of malingering is supported by substantial evidence.

5 - ORDER

plaintiff's condition improved to the point where she is no longer disabled after cessation of drug and alcohol use was not error.

2.   Treating Physician Opinion

Plaintiff contends that the ALJ and the Appeals Council improperly rejected the post-hearing opinions of Drs. Breck, Fujita, Krause, Jiminez and Model.  Plaintiff notes that these doctors opined that plaintiff is much improved post-sobriety, but still has severe impairments.  Plaintiff does not point to specific opinions demonstrating an inability to work, however.  The medical records are merely cumulative of the evidence that was before the ALJ.

3.   Combined Impairments

Plaintiff argues that her combined impairments meet the listings.  However, the ALJ appropriately disregarded many of plaintiff's alleged severe impairments.

4.   Residual Functional Capacity

Plaintiff contends that the ALJ erred by failing to consider whether she can work on a sustained basis despite all of her limitations.  Plaintiff bases this argument on her contention that she has severe physical limitations.  However, as discussed above, the ALJ appropriately discredited plaintiff's allegations of severe

6 - ORDER

physical limitations.  Accordingly, the ALJ appropriately relied on vocational testimony derived from the limitations he did find severe based on substantial evidence in th record.


<u>CONCLUSION</u>

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.


DATED this  5th  day of   Sept , 2006.

                                          s/ Michael R. Hogan
_____
                                          UNITED STATES DISTRICT JUDGE



7 - ORDER